1  KATHLEEN McCAFFREY (Ariz. Bar No. 025173)
   **LAW OFFICES OF LARRY H. PARKER, LLC**
2  300 West Clarendon Avenue, Suite 325
   Phoenix, Arizona 85028
3  Telephone: (602) 340-0030
   Facsimile (602) 340-0039
4

5  MELISSA HARNETT (Calif. Bar No. 164309)
     mharnett@wcclaw.com
6  GREGORY B. SCARLETT (Calif. Bar No. 131486)
     gscarlett@wcclaw.com
7  **WASSERMAN, COMDEN & CASSELMAN, L.L.P.**
   5567 Reseda Boulevard, Suite 330
8  Post Office Box 7033
   Tarzana, California 91357-7033
9  Telephone: (818) 705-6800 • (323) 872-0995
   Facsimile: (818) 345-0162
10

11 Attorneys for Plaintiff, STEWART ROPER,
   an Individual; and on Behalf of all Others Similarly
   Situated
12

13

14          **UNITED STATES DISTRICT COURT**

15          **FOR THE DISTRICT OF ARIZONA**

16 STEWART ROPER, an Individual;          CASE NO.
   and on Behalf of all Others Similarly
17 Situated                               **CLASS ACTION**

18          Plaintiffs,                   **Complaint for Damages:**

19 vs.                                    (1) **Violation of the Arizona
                                              Consumer Fraud and Deceptive
20 MATRIXX INITIATIVES, INC., a               Business Practices Act
   Delaware Corporation, formerly known       (A.R.S. §44-1521)**
21 as   Gumtech   International,   Inc.;
   ZICAM, LLC; an Arizona limited        (2) **Unjust Enrichment**
22 liability company, formerly known as
   Gel Tech, LLC; and DOES 1-10, et al.  (3) **Fraud and Misrepresentation**
23
                                         (4) **Negligent Misrepresentation**
24          Defendants.
                                         (5) **Breach of Express Warranty
25                                            (A.R.S. §47-2313)**

26                                       (6) **Breach of Implied Warranty of
                                              Merchantability
27                                            (A.R.S. §47-2314)**

28                                       **JURY TRIAL DEMANDED**

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

795605.1

1

Plaintiff STEWART ROPER, individually and on behalf of others similarly situated, brings this action against Defendants MATRIXX INITIATIVES, INC., ZICAM LLC and DOES 1 through 10 (jointly "Defendants"), demanding a trial by jury, as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(Class Action Fairness Act), in that the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are at least 100 members of the proposed class, and at least one member of the class is a citizen of a different state than Defendants.

2.     This Court has general and specific personal jurisdiction over each of the named Defendants.  Each of the Defendants was engaged in unfair methods of competition and deceptive practices directed at and/or causing injury to persons residing, located or doing business in the United States.

3.     The business activities of Defendants at issue in this Complaint were within the flow of and substantially affected interstate trade and commerce.  There has been a continuous and uninterrupted flow of activities in interstate commerce throughout the class period.

4.     Venue in this Court is proper under 28 U.S.C. § 1391(b) and (c), because Defendants have transacted business, maintained headquarters, or are otherwise found within this district, and many of Defendants' unlawful acts giving rise to Plaintiffs' claims occurred, and a substantial portion of the affected interstate trade and commerce described below has been carried out, in this district. The

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

795605.1

1   majority of the acts and occurrences of Defendants giving rise to this Complaint,
2   including the development and implementation of various advertising, marketing
3   and promotional strategies for the products in question, took place in this Judicial
4   District.

5

6                                       **PARTIES**

7

8        5.      Individual and representative Plaintiff STEWART ROPER is a resident
9   of the County of Mohave, State of Arizona.

10

11       6.      Defendant MATRIXX is a Delaware Corporation, with its headquarters
12  and principal place of business at 4742 N. 24th Street, Suite 455, Phoenix, Arizona
13  85016.

14

15       7.      Defendant ZICAM is an Arizona Limited Liability Corporation, with
16  its headquarters and principal place of business at 4742 N. 24th Street, Suite 455,
17  Phoenix, Arizona 85016.

18

19       8.      Defendant MATRIXX INITIATIVES, INC. ("Matrixx") was and still
20  is a corporation duly organized and existing under and by virtue of the laws of the
21  State of Delaware, which conducts business in and throughout the State of
22  California.  Matrixx's headquarters and principal place of business is located at
23  4742 N. 24th Street, Suite 455, Phoenix, Arizona 85016.

24

25       9.      Defendant ZICAM, LLC ("Zicam") was and still is a limited liability
26  company duly organized and existing under and by virtue of the law of the State of
27  Arizona, which conducts business in and throughout the State of California.
28  Defendant Zicam's headquarters and principal place of business is located at 4742

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

795605.1

1  N. 24th Street, Suite 455, Phoenix, Arizona 85016.

2

3       10.   Upon information and belief, Defendant Zicam, LLC is a wholly-

4  owned and controlled subsidiary of Defendant Matrixx Initiatives, Inc.

5

6       11.   The true names and capacities, whether individual, corporate, associate

7  or otherwise of Defendants DOES 1 through 10, inclusive, and each of their roles in

8  this case are unknown to Plaintiff, who therefore sues said Defendants by such

9  fictitious names.   Plaintiff further alleges that each of said fictitiously named

10  Defendants is in some manner responsible for the acts and occurrences set forth

11  herein.  Plaintiff will amend this Complaint to show their true names and capacities

12  when the same is ascertained, as well as the manner in which each fictitiously

13  named Defendant is responsible.

14

15       12.   Plaintiff is informed and believes, and thereon alleges that at all times

16  mentioned, that Defendants are each the partners, joint venturers, alter egos, and/or

17  co-conspirators of each other.   At all times mentioned, there existed a unity of

18  interest in ownership and interests between each of the Defendants such that any

19  separateness ceased to exist between them.   The exercise of complete dominance

20  and control over the entities and their properties, rights and interests, rendered such

21  entities mere shells and instrumentalities of each other Defendant.

22

23                    **FACTUAL ALLEGATIONS**

24

25       13.   Defendants are engaged in the design, manufacture, marketing and

26  distribution of a variety of cold, flu and allergy remedies under the Zicam® brand

27  name.   These products have various different delivery systems, including nasal

28  swabs and nasal spray.   The Zicam® nasal swabs and nasal spray (hereinafter

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   collectively referred to as "Zicam® Nasal Gel products") are the only Zicam®
2   products that are the subject of this Complaint.
3
4       14.    The Zicam® Nasal Gel products are marketed and advertised by
5   Defendants as "homeopathic" products and are sold over the counter without a
6   prescription. All Zicam® Nasal Gel products are administered by direct application
7   to the nasal cavity and, as described in the labeling, are intended for use in "adults
8   and children 3 years of age or older (with adult supervision).
9
10      15.    On information and belief, Defendants have never sought and have
11  never obtained FDA approval to market the Zicam® Nasal Gel products or to
12  introduce them into interstate commerce.
13
14      16.    The Zicam® nasal swabs and nasal spray, used to deliver Defendants'
15  "Cold Remedy" product line, contain a gel ("Zicam® Nasal Gel") whose single
16  active ingredient is zinc gluconate. Zinc gluconate, a chemical compound otherwise
17  characterized as "zinc salt," contains a divalent zinc ion that is reported to be toxic
18  to the olfactory epithelium, a specialized tissue inside the human nasal cavity that is
19  responsible for smelling and detecting odors.
20
21      17.    Defendants represent, both on the product packaging and through a
22  variety of advertising channels, that Zicam® Nasal Gel "[r]educes the duration and
23  severity of cold symptoms." On their packaging and website, Defendant advises
24  consumers that the only potential side effect of the product is "[t]emporary
25  discomfort such as burning, stinging, sneezing or increase nasal discharge."
26  Consumers are instructed to "use at the first sign of a cold and continue to use for an
27  additional 48 hours after symptoms subside."
28

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

18.   However, before Defendants began to market and sell Zicam® Nasal Gel, they were fully aware, through a variety of sources, that the zinc compounds in Zicam® Nasal Gel could cause a complete loss of smell, otherwise known as anosmia, from only a single use of the product.

19.   Dating back to the late 1930s, pharmaceutical companies abandoned the use of intranasal zinc, similar to that used in Zicam® Nasal Gel, after overwhelming evidence showed it could lead to anosmia.

20.   In addition, the chief scientist who developed the underlying technology for Zicam® Nasal Gel, specifically warned Defendant Matrixx that there was evidence that the particular zinc gluconate formula eventually used in Zicam® Nasal Gel could cause anosmia.   In order to ensure the product was safe, he cautioned that more testing and refinement was necessary.   At the very least, he suggested that a warning be placed upon the packaging in order to ensure that consumers could make an informed decision before purchasing the product.

21.   Plaintiff is informed and believes that, as early as September 2002, Timothy L. Clarot, vice president of research and development for Defendant Matrixx, was advised by scientific researchers as to concerns over the safety of Zicam® Nasal Gel.

22.   However, Defendants disregarded   and have continued to disregard their knowledge that Zicam® Nasal Gel has the potential to cause partial and/or total, permanent and irreversible loss of smell when used as directed.   Defendants have continued to manufacture, market and sell Zicam® Nasal Gel without conducting any of the necessary safety tests, reformulating the product or even providing a warning to consumers to allow them to make an informed decision

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   before purchasing the product.  This is true even though the only competitor that
2   offered a zinc gluconate nasal gel, Cold-Eeze intranasal spray made by Quigley
3   Corp., pulled their product from the market in 2004.

4

5       23.    In fact, Defendant Matrixx has denied in multiple press releases that
6   Zicam® Nasal Gel can cause anosmia.  On February 2, 2004, Matrixx said that
7   "statements alleging intranasal Zicam products cause anosmia (loss of smell) are
8   completely unfounded and misleading."  Again, in a February 6, 2004 press release,
9   Matrixx said that "reports alleging anosmia—or loss of smell—in a small number of
10  patients using zinc gluconate intranasal gels for the treatment of the common cold
11  are completely unfounded and misleading."

12

13      24.    Further, in both of these press releases Defendant Matrixx stated that
14  "the safety and efficacy of zinc gluconate for the treatment of symptoms related to
15  the common cold have been well-established in two double-blind, placebo-
16  controlled, randomized clinical trials."  Despite this representation, in their SEC
17  Form-8k filing to the SEC on February 27, 2004, Defendant Matrixx admitted that a
18  panel of doctors and scientists enlisted to evaluate the potential dangers of Zicam®
19  Nasal Gel concluded that "[t]here is insufficient evidence at this time to determine if
20  zinc gluconate, when used as recommended, affects a person's ability to smell."

21

22      25.    As stated above, Defendants have manufactured, marketed and sold
23  Zicam® Nasal Gel in both swab and spray form.  On the packaging of these
24  products, Defendants have made false representations, omissions and concealments
25  designed to induce the consumers to purchase the products without knowledge of
26  the underlying dangers.

27

28      26.    Defendants sold Zicam® Nasal Gel products with a warning both on

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 the packaging and in a separate leaflet contained within, that temporary discomfort,
2 in the form of burning, stinging, sneezing of increased nasal discharge, may result
3 from its use.  However, Defendants omitted and concealed from consumers any
4 mention that a permanent loss of smell is a potential side-effect of the various
5 products sold by Defendants that include zinc gluconate.  Having provided
6 incomplete warnings as to the known and/or suspected side-effects associated with
7 the products, Defendants intended that Plaintiff and the members of the class would
8 rely upon Defendants' warnings in determining whether to purchase and how to use
9 the products.

10

11      27.    As a result of these omissions and concealments by Defendants, shortly
12 before January, 2007, Plaintiff purchased and used Zicam® Nasal Gel without any
13 knowledge that it could cause anosmia after only a single use.  If Defendants had
14 disclosed this to Plaintiff and members of the putative Class, they would not have
15 purchased the product.

16

17      28.    The design, manufacture, distribution and sale by Defendants of
18 Zicam® Nasal Gel products without adequate testing and/or warning labels
19 constitute unfair and deceptive business practices.  Defendants have concealed
20 significant, relevant information as to the serious risk associated with the product,
21 knowingly subjecting innocent consumers to the peril of permanently losing one of
22 five senses, in order to reap unjust profits that would not have been earned had the
23 Defendants properly disclosed such risks

24

25      29.    As explained in a report issued by the Virginia Commonwealth
26 University Medical Center on March 15, 2004, people who have a total or partial
27 loss of the sense of smell are almost twice as likely to have some kind of accident or
28 incident than people who have normal smell (or olfactory) function.  In researching

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 medical records over the last twenty years, the researchers identified several
2 important danger areas, including cooking-related accidents, exposure to an
3 undetected fire or gas leak, and eating or drinking spoiled foods or toxic substances.
4
5    30.    Plaintiff purchased Zicam Nasal Gel in or around November 2008 in
6 Mohave County, Arizona.
7
8    31.    On June 16, 2009, the FDA sent a warning letter to Defendant Matrixx
9 citing multiple violations of federal law in the labeling and marketing of  Zicam®
10 Nasal Gel products, including the "introduction of Zicam Cold Remedy intranasal
11 products into interstate commerce, without an approved [FDA] application," in
12 violation of sections 301(d) and 505(a) of the Federal Food, Drug, and Cosmetic Act
13 ("the Act").
14
15    32.    The FDA's June 16, 2009 warning letter to Defendant Matrixx further
16 stated:  "Additionally, Zicam Cold Remedy intranasal products are misbranded
17 under section 502(f)(2) of the Act, 21 U.S.C. § 352(f)(2), because their labeling does
18 not bear adequate warnings regarding the risk of anosmia associated with the
19 product.  In light of this failure to bear adequate warnings, these products are also
20 misbranded under section 502(a) of the Act, 21 U.S.C. § 352(a), taking into account
21 the considerations set forth in section 201(n) of the Act, 21 U.S.C. § 321(n)."
22
23    33.    The FDA's June 16, 2009 warning letter further stated:  "We are not
24 aware of any data establishing that the Zicam Cold Remedy intranasal products are
25 generally recognized as safe and effective for the uses identified in their labeling.
26 On the contrary, as described below, there is evidence that these products pose a
27 serious safety risk to consumers.  Because they are not generally recognized as safe
28 and effective for their labeled uses, these products are new drugs, as defined by

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  section 201(p) of the Act, 21 U.S.C. § 321(p).

2

3     34.   The FDA's June 16, 2009 warning letter went on to state:  "A

4  significant and growing body of evidence substantiates that the Zicam Cold Remedy

5  intranasal products may pose a serious risk to consumers who use them.

6  Specifically, FDA has received more than 130 reports of anosmia (loss of sense of

7  smell, which in some cases can be long-lasting or permanent) associated with the

8  use of these products; some individuals also report loss of sense of taste.  By

9  comparison, FDA has received few reports of anosmia associated with other widely-

10  used intranasal products for treatment of the common cold that are marketed subject

11  to approved NDAs [new drug applications] or according to an OTC drug

12  monograph.  Further, there is evidence in the published scientific literature that

13  various salts of zinc can damage olfactory functions in animals and humans."

14

15     35.   After purchasing the product, Plaintiff did not use all of the product.

16  Having now learned of the FDA warning, Plaintiff will not use the rest of the

17  product he paid for.

18

19     36.   Plaintiff and the putative Class members have suffered damages as a

20  result of the conduct of Defendants, because Plaintiff and the Class members were

21  misled into purchasing a product which was not safe and which was not what

22  Defendants advertised the product to be.  Plaintiff would not have purchased the

23  product if he had known of the material information omitted and concealed by

24  Defendant as to the risk of amnosia.

25

26     37.   Plaintiff seeks, on behalf of himself and the putative Class as defined

27  below, injunctive relief, product repair, restitution, damages, and all other

28  appropriate relief.  In marketing, advertising and packaging Zicam® Nasal Gel

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

products, Defendants have continually misrepresented their safety and side effects. Plaintiff and members of the Class cannot safely use Zicam® Nasal Gel, thereby drastically limiting and/or eliminating the usability of the product. Thus, they have lost money as a result of the misrepresentations, omissions and concealments by Defendants. In ignoring the harsh side effects of Zicam® Nasal Gel for several years, Defendants, and each of them, acted with oppression, fraud and malice, thus Plaintiff and members of the putative Class are entitled to punitive damages.

## CLASS ACTION ALLEGATIONS

38.    Plaintiff brings this action both on behalf of himself, and as a class action on behalf of the following Class ("the Class") pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All consumers who, within the four years prior to June 26, 2009, purchased Zicam® Cold Remedy nasal products in the United States.

### Numerosity

39.    Members of the Class are so numerous that their individual joinder is impracticable. The precise number of members of the Class and their addresses are unknown to the Plaintiff. Plaintiff estimates that the Class consists of tens of thousands of members. Members of the Class may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

///
///
///

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

## Typicality

40.    The claims of the Plaintiff are typical of the claims of the Class members.  As did the Plaintiff, each member of the Class purchased one or more Zicam® Cold Remedy nasal products manufactured, marketed and sold by Defendants based upon misleading and deceptive advertising.

## Commonality

41.    Common questions of fact and law exist as to all members of the Classes.  These questions predominate over the questions affecting only individual members of the Classes.  These common legal and factual questions include:

(a)    Whether Defendants represented to consumers that Zicam® Cold Remedy nasal products had a characteristic, use, benefit or quality that permitted a consumer to use Zicam® Cold Remedy nasal products without any side effects beyond temporary discomfort;

(b)    Whether Zicam® Cold Remedy nasal products do in fact have a characteristic, use, benefit or quality that exposes consumers of Zicam® Cold Remedy nasal products to side effects beyond temporary discomfort;

(c)    Whether Defendants knowingly concealed that anosmia was a possible side effect from the use of Zicam Nasal Gel by failing to include any reference to this possibility;

795605.1

CLASS ACTION COMPLAINT

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

(d)     Whether anosmia is a possible side effect of Zicam® Cold Remedy nasal products, thus requiring Defendants to include a warning to consumers along with the rest of the product warnings;

(e)     Whether Defendants were unjustly enriched;

(f)     Whether Defendants violated the implied warranty of merchantability;

(g)     The nature and extend of damages and other remedies to which the conduct of Defendants entitle the members of the Classes.

42.     Defendants engaged in a common course of conduct involving similar or identical unsafe designs, statutory violations and misrepresentations. Individual questions, if any, pale by comparison to the numerous questions that dominate this litigation. The claims at issue herein do not seek damages for physical injury which has already occurred to the members of the Classes, and thus individualized determination as to causation related to bodily injury already suffered will not be required. The monetary damages sustained by the members of the Classes arise from a common nucleus of operative facts involving the misconduct of Defendants.

## Adequacy

43.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class she seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of the members of

1  the Class will be fairly and adequately protected by Plaintiff and counsel for
2  Plaintiff.

3

4      44.    This suit may also be maintained as a class action because Plaintiff and
5  the Class seek declaratory and injunctive relief pursuant to Federal Rules of Civil
6  Procedure 23(b)(2) as Defendants acted on grounds generally applicable to Plaintiff
7  and the Class, thereby making declaratory and/or injunctive relief proper.

8

9      45.    This suit may also be maintained as a class action under Federal Rules
10 of Civil Procedure 23(b)(3) because a class action is superior to other available
11 means for the fair and efficient adjudication of this dispute.  The damages suffered
12 by each individual Class member may be relatively small, especially given the
13 burden and expense of individual prosecution of the complex and extensive
14 litigation necessitated by Defendants' conduct.  Furthermore, it would be virtually
15 impossible for the Class members, on an individual basis, to obtain effective redress
16 for the wrongs done to them.  Moreover, even if Class members themselves could
17 afford such individual litigation, the court system could not. Individual litigation
18 presents a potential for inconsistent or contradictory judgments.  Individualized
19 litigation increases the delay and expense to all parties and the court system which is
20 presented by the complex legal issues of the case.  By contrast, the class action
21 device presents far fewer management difficulties, and provides the benefits of a
22 single adjudication, economy of scale and comprehensive supervision by a single
23 court.

24

25     46.    In addition, this suit may be maintained as a class action under Federal
26 Rule of Civil Procedure 23(b)(3) because:

27

28     (a)    The prosecution of separate actions by individual members of the

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

Class would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendants; or

(b)   The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(c)   Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE ARIZONA CONSUMER
## FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## A.R.S. §44-1521 ET SEQ.
## AGAINST ALL DEFENDANTS

47.   Plaintiff hereby incorporates by reference the allegations in paragraphs 1-46 as if set forth herein.  This claim is brought on behalf of a subclass limited to those members who purchased the product within the applicable statute of limitations for this claim.

48.   At all relevant times, there was in full force and effect the Arizona

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   Consumer Fraud and Deceptive Business Practices Act, A.R.S. § 44-1521 et seq.

2

3       49.    The Arizona Consumer Fraud Act, A.R.S. § 44-1521, provides:

4

5           The act, use or employment by any person of any

6           deception, deceptive act or practice, fraud, false pretense,

7           false promise, misrepresentation, or concealment,

8           suppression or omission of any material fact with intent

9           that others rely upon such concealment, suppression or

10          omission, in connection with the sale or advertisement of

11          any merchandise whether or not any person has in fact

12          been misled, deceived, or damaged thereby, is declared to

13          be an unlawful practice.

14

15      50.    In their marketing, advertising, press releases and product packaging,

16  Defendants misrepresent the true nature of the side effects associated with Zicam

17  Nasal Gel, deceive customers into believing that these products are a natural and

18  safe way to fight the common cold, conceal the fact that intranasal zinc has been

19  shown to cause anosmia for decades, including reports specifically studying Zicam

20  Nasal Gel, and intend that consumers will rely upon Defendants' concealment,

21  suppression and/or omissions as to the side effects.

22

23      51.    The general public, including members of the putative Class, rely on

24  marketing, advertising, press releases and packaging in making purchasing

25  decisions. If Defendants disclosed the dangerous side effects associated with Zicam

26  Nasal Gel, Plaintiff and the putative Class would not have purchased the products

27  from them.

28

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

795605.1

52.   The policies of Defendants MATRIXX and ZICAM are unlawful, unethical, oppressive, fraudulent and malicious.   The potential harm to consumers from using Zicam Nasal Gel far outweighs any purported utility of the intranasal zinc gluconate.

53.   Therefore, the actions of Defendants, as complained herein, constitute fraudulent, deceptive and unlawful practices committed in violation of the Arizona Consumer Fraud and Deceptive Business Practices Act.   Specifically, the conduct of Defendants was fraudulent, deceptive and unlawful because:

(a)   Defendants were aware, or upon reasonable investigation should have been aware, of the risks presented by the use of the Zicam Nasal Gel;

(b)   Defendants purposefully and knowingly failed to adequately warn the consumer of the safety risks presented by use of Zicam Nasal Gel;

(c)   Defendants advertised and marketed Zicam Nasal Gel with a representation that it could be used without the possibility of permanent side effects, even though Defendants were aware or should have been aware that such use could be unsafe;

(d)   Defendants failed to include in the safety information provided with Zicam Nasal Gel any mention of the potential for anosmia, even though a direct competitor had pulled a substantially similar product off the market for this very reason; and,

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

(e)     Defendants fraudulently concealed, omitted and/or suppressed
information as to the effect of intranasal zinc gluconate upon the
sense of smell of consumers.

54.     Plaintiff and the putative Class have been directly and proximately injured and lost money or property as a result of violations of the Arizona Consumer Fraud and Deceptive Business Practices Act (A.R.S. 44-1521) committed by Defendants. As a result, Plaintiff and the putative Class are entitled to applicable damages, equitable relief and punitive damages.

55.     In addition, Plaintiff and putative Class members request that this Court enjoin the Defendants from any further sales, marketing or advertisement of Zicam Nasal Gel which contain the misrepresentations detailed herein as to the standards, characteristics, uses, benefits and/or qualities of Zicam Nasal Gel. The Court should enjoin Defendants from any further sales, marketing or advertisement of Zicam Nasal Gel without a warning as to the potential for anosmia associated with its use. The Court should further enjoin Defendants from any further sales of Zicam Nasal Gel until Defendant redesigns the products in a manner which ensures that the products are safe for use.

56.     The continuing sale of Zicam Nasal Gel to the unsuspecting public, without warnings or any mechanism by which the public may protect itself, exposes the consuming public to an ongoing danger of an irreparable and devastating loss of smell. Because the loss of smell can occur after only one use of Zicam Nasal Gel, everyday the consuming public uses the product consumers continue to jeoparde their long-term ability to smell.

57.     Further, Plaintiff engaged counsel to prosecute this action and are

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  entitled to recover costs and reasonable attorney's fees according to proof at trial.
2  This case will result in the enforcement of an important right affecting the public
3  interest, and a significant benefit (pecuniary or nonpecuniary) will be conferred on a
4  large class of persons (thousands if not tens of thousands or more).  The necessity
5  and financial burden of private enforcement are such as to make the award
6  appropriate (the product costs less than $20, which is minimal in comparison to the
7  financial burden of litigating this important action, made necessary by virtue of the
8  refusal of Defendants to protect the public); and such fees should not in the interest
9  of justice be paid out of the recovery, if any (as the cost of litigation by itself may
10  exceed the monetary amounts paid by way of restitution).

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT
### AGAINST ALL DEFENDANTS

16  58.    Plaintiff hereby incorporates by reference the allegations in paragraphs
17  1-46 as if set forth herein.  This claim is brought on behalf of a subclass limited to
18  those members who purchased the product within the applicable statute of
19  limitations for this claim.

21  59.    Defendants have benefited and been unjustly enriched by the above-
22  alleged conduct.  Defendants knowingly sold Zicam Nasal Gel to Plaintiff and
23  members of the putative Class based upon misrepresentations as to uses which the
24  product did not possess and concealment and omission of information which should
25  have been disseminated.

27  60.    Defendants have knowledge of this benefit, and have voluntarily
28  accepted and retained this benefit.

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

795605.1

61.    The circumstances as described herein are such that it would be inequitable for Defendants to retain these ill-gotten benefits without paying the value thereof to Plaintiff and members of the putative Class.

62.    Plaintiff and the putative Class are entitled to the amount of Defendants' ill-gotten gains, including interest, resulting from their unlawful, unjust and inequitable conduct as described above.

## THIRD CAUSE OF ACTION
## FRAUD AND MISREPRESENTATION
### AGAINST ALL DEFENDANTS

63.    Plaintiff hereby incorporates by reference the allegations in paragraphs 1-46 as if set forth fully within. This claim is brought on behalf of a subclass limited to those members who purchased the product within the applicable statute of limitations for this claim.

64.    Defendants have knowingly and purposefully misrepresented the true nature of the side effects associated with the use of Zicam Nasal Gel. At all times relevant, Defendants knew of the potential for the permanent loss of smell from only a single use of Zicam Nasal Gel, yet failed to inform Plaintiff and putative Class members of this danger. In doing so, Defendants intended for purchasers of Zicam Nasal Gel to rely upon their representation that Zicam Nasal Gel is a safe and natural way to fight the common cold and nothing more than temporary discomfort would result from its use.

65.    Defendants are aware that the general public, including Plaintiff and putative Class members, reasonably and routinely rely upon the information and

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   representations provided on its websites, on the product packaging and in its
2   marketing materials in making purchasing decisions. Upon information and belief,
3   in designing, promoting and maintaining its websites, product packaging and
4   marketing materials, Defendants were aware that if they disclosed the danger of
5   permanent loss of smell to consumers, Plaintiff and Class members would not have
6   purchased Zicam Nasal Gel.

7

8       66.   As a direct and proximate result of the fraud and misrepresentation of
9   Defendants, Plaintiff and putative Class members were damaged in an amount to be
10   determined at trial. Plaintiff and putative Class members request this court enter
11   judgment against Defendants for actual damages, punitive damages and attorneys'
12   fees.

13

14                      **FOURTH CAUSE OF ACTION**
15                   **NEGLIGENT MISREPRESENTATION**
16                      **AGAINST ALL DEFENDANTS**

17

18       67.   Plaintiff hereby incorporates by reference the allegations in paragraphs
19   1-46 as if set forth fully within. This claim is brought on behalf of a subclass
20   limited to those members who purchased the product within the applicable statute
21   of limitations for this claim.

22

23       68.   Plaintiff brings this cause of action on behalf of himself, on behalf of
24   the putative Class, and on behalf of the common or general interest. Plaintiff has
25   suffered injury in fact and lost money or property as a result of such negligent
26   misrepresentation.

27

28       69.   Defendants had a duty to inform Plaintiff and the Class truthfully,

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 accurately, and fully about the characteristics, uses, benefits, and qualities of Zicam

2 Nasal Gel.   Defendants have negligently engaged in the deceptive practices,

3 uniform misrepresentations, and material omissions complained of herein in order

4 to induce Plaintiff and the members of the putative Class unknowingly to purchase

5 the Product.

6

7      70.    Plaintiff and the putative Class members were unaware of the falsity of

8 the misrepresentations, misleading statements, and omissions of material fact by

9 Defendants.   Plaintiff and the putative Class members relied upon the superior

10 knowledge and expertise of Defendants to their detriment.

11

12      71.    Plaintiff and the members of the putative Class have been damaged as a

13 result of the conduct complained of herein, for which Defendants are liable as a

14 result of their conduct.

15

16 **FIFTH CAUSE OF ACTION**

17 **BREACH OF EXPRESS WARRANTY**

18 **A.R.S. §47-2313**

19 **AGAINST ALL DEFENDANTS**

20

21      72.    Plaintiff hereby incorporates by reference the allegations in paragraphs

22 1-46 as if set forth herein.  This claim is brought on behalf of a subclass limited to

23 those members who purchased the product within the applicable statute of

24 limitations for this claim.

25

26      73.    Defendants expressly affirmed that Zicam Nasal Gel "[r]educes the

27 duration and severity of cold symptoms" with only temporary discomfort such as

28 burning, stinging, sneezing, or increased nasal discharge.

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

74. However, Defendants were fully aware that Zicam Nasal Gel has the potential for a far more dangerous side effect, anosmia, but failed to include this information when making affirmative representations as to the safety of the product on the packaging and in the leaflet inserted within.

75. Plaintiff and the putative Class have incurred damages as described herein as a direct and proximate result of the Defendants' violation of the provisions of A.R.S. §47-2313, in that Plaintiff and the putative Class have paid the purchase price for a product which cannot be safely used for the purpose for which it was marketed and sold. Plaintiff and the putative Class Members are entitled to refund of the purchase price of the Product, consequential and incidental damages, costs and expenses, including attorney's fees.

### SIXTH CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### A.R.S. §47-2314
### AGAINST ALL DEFENDANTS

76. Plaintiff hereby incorporates by reference the allegations in paragraphs 1-46 as if set forth herein. This claim is brought on behalf of a subclass limited to those members who purchased the product within the applicable statute of limitations for this claim.

77. Defendants are merchants with respect to Zicam Nasal Gel as required by A.R.S. §47-2314.

78. Zicam Nasal Gel was sold with the implied warranty of merchantability in that it would pass without objection in the trade, is fit for the ordinary purpose

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 for which it is used, is adequately contained, packaged, and labeled, and conforms
2 to the promises or affirmations of fact made on the container and label.  Zicam
3 Nasal Gel does not meet any of the foregoing criteria.
4
5      79.    Plaintiff and members of the punitive Class have incurred damages as
6 described herein as a direct and proximate result of the Defendants' breach of the
7 implied warranties, in that Plaintiff and members of the putative Class have paid the
8 purchase price for a product which cannot be safely used for the purpose for which
9 it was marketed and sold.  Plaintiff, on behalf of himself and members of the
10 putative Class, has requested that Defendants correct or repair the defects and
11 Defendants have refused. Plaintiff and the putative Class are entitled to a refund of
12 the purchase price of the product, consequential and incidental damages, costs and
13 expenses, including attorney's fees.
14

15 **SEVENTH CAUSE OF ACTION**
16 **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
17 **Violation of the Magnuson-Moss Warranty Act**
18 **(15 U.S.C. §§ 2310(d)(1))**
19 **AGAINST ALL DEFENDANTS**
20

21      80.    Plaintiff incorporates by reference all the above allegations as if fully
22 set forth herein.
23

24      81.    This cause of action is asserted on behalf of Plaintiff and each member
25 of the putative Class.
26

27      82.    Plaintiff and the members of the putative Class are "consumers" as
28 defined in 15 U.S.C. § 2301(3).

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

795605.1

83.   Zicam Nasal Gel is a "consumer product" as defined in 15 U.S.C. § 2301(1).

84.   Defendants are each a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

85.   Defendants have failed to comply with their obligations under the written and implied warranties.

86.   Plaintiff and members of the putative Class have been damaged in an amount which is to be determined at trial, but is in excess of an aggregated amount of $5,000,000.

87.   Plaintiff and the members of the putative Class also seek attorneys' fees and costs pursuant to 15 U.S.C. § 2310(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and as representative of all other persons similarly situated, pray for judgment against the Defendants, as follows:

a.   An Order certifying the Class and any appropriate sub-class  thereof, and appointing Plaintiff, STEWART ROPER, and his counsel, to represent the Class;

b.   An award of general damages according to proof;

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1

2

    c.     An award of special damages according to proof;

3

    d.     An award of punitive damages in an amount sufficient to

4

            deter and make an example of Defendants;

5

6

    e.     An award of restitution in an amount according to proof;

7

8

    f.     A temporary restraining order, a preliminary injunction

9

            and a  permanent injunction enjoining Defendants, and

10

            their agents, servants, employees and all persons acting

11

            under or in concert with them, to cease and desist from the

12

            following acts:

13

14

        (i)     Selling, marketing or advertising Zicam Nasal Gel

15

                 without a detailed warning advising the consumer as

16

                 to the potential for anosmia associated with

17

                 intranasal zinc gluconate;

18

19

        (ii)    Selling, marketing or advertising Zicam Nasal Gel

20

                 without further testing and modification of the

21

                 product whereby the safety of consumers can be

22

                 assured;

23

24

        (iii)   Any other conduct which the Court determines

25

                 warranted so as to prevent the commission of unfair

26

                 competition by Defendants.

27

28

    g.     For reasonable attorneys' fees;

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1       h.    For costs incurred herein;

2

3       i.    For prejudgment interest;

4

5       j.    For an order of disgorgement;

6

7       k.    For all general, special, and equitable relief to which the

8              Plaintiff and the members of the Class are entitled by law.

9

10  DATED: June 25, 2009    **WASSERMAN, COMDEN &**

11                                **CASSELMAN, L.L.P.**

12                                By: _____

13                                   GREG SCARLETT

                                 Attorneys for STEWART ROPER and the

14                                 Putative Class

15

16  DATED: June 25, 2009    **LAW OFFICES OF LARRY H. PARKER,**

17                                **LLC**

18                                By: _____

19                                   KATHLEEN McCAFFREY

                                 Attorneys for STEWART ROPER and the

20                                 Putative Class

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

795605.1

CLASS ACTION COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: June 25, 2009

WASSERMAN, COMDEN &
CASSELMAN, L.L.P.

By: _____
        GREG SCARLETT
Attorneys for STEWART ROPER and the
Putative Class

DATED: June 25, 2009

LAW OFFICES OF LARRY H. PARKER,
LLC

By: _____
        KATHLEEN McCAFFREY
Attorneys for STEWART ROPER and the
Putative Class

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033